IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARK BUETTNER, INDIVIDUALLY, AND AS NEXT FRIEND OF BAILEY BUETTNER, <br><br>*Plaintiffs,* <br><br>v. <br><br>USA GYMNASTICS, AMERICAN SPECIALTY INSURANCE & RISK SERVICES, INC., MUTUAL OF OMAHA INSURANCE CO., <br><br>*Defendants.* | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:16-CV-157 |

**DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME, Defendants USA Gymnastics ("Gymnastics"), American Specialty Insurance & Risk Services, Inc. ("Specialty") and Mutual of Omaha Insurance Company ("Mutual") (collectively "Defendants") Defendants herein, pursuant to 28 U.S.C. §§ 1441 and 1446, and give notice that they hereby remove the case styled *Mark Buettner, Individually and as Next Friend of Bailey Buettner v. Defendants USA Gymnastics, American Specialty Insurance & Risk Services, Inc., and Mutual of Omaha Insurance Company*, filed in the 153rd Judicial District Court of Tarrant County, Texas (the "State Court Action"). As grounds for removal, Defendants respectfully state the following:

**I.   THE STATE COURT ACTION.**

1.   The State Court Action arises out of Mutual's denial of insurance benefits for injuries claimed by Bailey Buettner.

2. On January 12, 2016, Plaintiff initiated the State Court Action by filing his Original Petition ("Petition").

3. In his Petition, Plaintiff seeks $135,000.00 in economic damages, $50,000.00 in mental anguish damages, and $20,000.00 in court costs and attorney's fees. *See* Exhibit B(2), ¶ VI, p. 6.

4. On January 27, 2016, Defendant Gymnastics was served. On January 29, 2016, Defendant Specialty was served. On February 1, 2016, Defendant Mutual was served.

5. On February 22, 2016, Defendants filed their Original Answer. *See* Exhibit B(7).

6. No further proceedings have taken place in the State Court Action.

## II. REQUIREMENTS FOR REMOVAL.

7. In accordance with 28 U.S.C. § 1446(a), Defendants attach the following to their Notice of Removal.

> Exhibit A: Index of all matters filed in the State Court Action that clearly identifies each document and indicates the date the document was filed.
>
> Exhibit B: Copies of all process and pleadings in the State Court Action, individually tabbed and arranged in order of filing under tabs 1 through 8.

8. As stated herein, Plaintiff filed the State Court Action on January 12, 2016. On January 27, 2016, the first defendant was formally served with the Citation and Petition, *See* Exhibit B(1). Consequently, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

9. As set forth in more detail below, this Court would have original jurisdiction of this matter based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but for the fraudulent joinder of Defendant Gymnastics. Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have

original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441. The Fort Worth Division of the Northern District of Texas is the United States District and Division embracing Tarrant County, Texas, the county in which the State Court Action is pending. *See* 28 U.S.C. § 124(a)(2).

10.     As required by 28 U.S.C. § 1446(d), Defendants, the removing parties, will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 153rd Judicial District Court in Tarrant County, Texas, where the State Court Action is currently pending.

### III.   THIS COURT HAS JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP.

11.     The district courts of the United States have original jurisdiction over this action because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a).

#### A.     **Plaintiff has Fraudulently Joined Gymnastics to Destroy Diversity.**

12.     This action arises out of Mutual's denial of insurance benefits for injuries claimed by Bailey Buettner. Plaintiff included Gymnastics in each of the "cause of action" headings; however, no claims are asserted against Gymnastics in the substantive body of the pleadings. Gymnastics is not an insurance carrier, did not issue an event accident insurance policy, and could not violate any provision of the Texas Insurance Code. Gymnastics cannot be liable for breach of an insurance policy that it did not issue. Plaintiff failed to make any claim or allege any fact under which Gymnastics could be liable. Therefore, Gymnastics should be disregarded for jurisdictional purposes.

13. Under the doctrine of fraudulent joinder, the court can disregard a non-diverse defendant when (1) the plaintiff has fraudulently pleaded jurisdictional facts to add the non-diverse or local defendant, (2) the plaintiff has no possibility of establishing a cause of action against the non-diverse or local defendant, or (3) the claims against the non-diverse or local defendant have no real connection to the claims against the other defendants. See *Salazar v. Allstate Tex. Lloyd's Inc.*, 455 F.3d 571, 574 (5th Cir.2006). Because Plaintiff does not, and cannot, assert any fact or claim in his Petition against Gymnastics, which would give rise to liability against Gymnastics, the only causes of action Plaintiff may have, if any, would be against Specialty and/or Mutual. Because Plaintiff has no possibility of establishing a cause of action against Gymnastics, Gymnastics was fraudulently joined.

### B. Complete Diversity of Citizenship Exists Between the Parties.

14. Plaintiff is a natural person residing in Dallas County, Texas. For the purposes of diversity jurisdiction, a person is considered a citizen of the state where the person is domiciled. *Preston v. Tennet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007). Plaintiff was at the time the action was filed, and is currently, domiciled in the State of Texas, because at the time the action was filed, and currently, the Plaintiff resides at 7409 Southwick Drive, Garland, Dallas County, Texas 75044 and, upon information and belief, intends to remain there permanently. Consequently, Plaintiff was at the time the State Court Action was filed, and is currently, a citizen of the State of Texas.

15. Specialty is an Indiana corporation with its principal place of business in the State of Indiana. Therefore, Specialty is not a citizen of the State of Texas for diversity purposes.

16. Mutual is a Nebraska insurance company with its principal place of business in Nebraska.

17. At the time the State Court Action was commenced, and at the time of Removal, Defendants were, and currently remain, diverse in citizenship from the Plaintiff. 28 U.S.C. § 1332(a)(1).

18. Accordingly, there is complete diversity among the parties.

C. **The Amount in Controversy Exceeds $75,000.00 Exclusive of Interest and Costs.**

19. In the State Court Action, Plaintiff seeks $135,000.00 in economic damages, $50,000.00 in mental anguish damages and $20,000.00 in court costs and attorney's fees, which exceed the $75,000.00 threshold for diversity jurisdiction.

## IV.  CONCLUSION

20. Because there is complete diversity amongst the parties and the amount in controversy exceeds $75,000.00, diversity jurisdiction exists and this Court has subject matter jurisdiction over the case.

## V.  PRAYER

WHEREFORE, pursuant to 28 U.S.C. §§ 1332(a) and 1441, and in conformance with the requirements set forth in 28 U.S.C. § 1446, Defendants hereby remove the case styled *Mark Buettner, Individually and as Next Friend of Bailey Buettner v. Defendants USA Gymnastics, American Specialty Insurance & Risk Services, Inc. and Mutual of Omaha Insurance Company*; filed in the 153rd Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**HUSCH BLACKWELL L.L.P.**

By: _____
    Richard A. Illmer
    State Bar No. 10388350
    Rick.Illmer@HuschBlackwell.com
    Chalon N. Clark
    State Bar No. 24050045
    Chalon.Clark@HuschBlackwell.com

2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 *facsimile*

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered to all counsel of record as shown below:

__X__        Mail by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service;

_____        Hand-delivered by courier receipted delivery;

_____        Forwarded by next day receipted delivery service;

_____        Communicated by telephonic document transfer to the recipient's current telecopier number;

TO:    Jackson Davis
         The Dent Law Firm
         1120 Penn Street
         Fort Worth, Texas 76102
         *facsimile (817) 332-5809*

on this 26th day of February, 2016.

_____
Richard A. Illmer