FILED
TARRANT COUNTY
1/12/2016 12:09:31 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 153-283206-16

| | | |
|---|---|---|
| MARK BUETTNER, INDIVIDUALLLY, | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND OF | § | |
| BAILEY BUETTNER | § | |
| *Plaintiffs* | § | |
| | § | _____ DISTRICT |
| VS. | § | |
| | § | |
| USA GYMNASTICS, | § | |
| AMERICAN SPECIALTY INSURANCE | § | |
| & RISK SERVICES, INC., | § | |
| MUTUAL OF OMAHA INSURANCE CO. | § | |
| *Defendants* | § | TARRANT COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **MARK BUETTNER, INDIVUDALLY AND AS NEXT FRIEND OF BAILEY BUETTNER,** hereinafter referred to as Plaintiffs, complaining of **USA GYMNASTICS, AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC., AND MUTUAL OF OMAHA INSURANCE CO.**, hereinafter referred to as Defendants, and for cause of action, Plaintiff would respectfully show the Court and Jury as follows:

Plaintiff intends for discovery to be conducted under Level III pursuant to Rule 190.1 of the Texas Rules of Civil Procedure.

II.

## SERVICE

Defendant, **USA GYMNASTICS** is a Texas entity which may be served through its registered agent for service, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

Exhibit B-2

Defendant, **AMERICAN SPECIALTY INSURANCE & RISK SERVICES, INC.** is a an Indiana corporation which may be served through its registered agent for service, CT Corporation System at 150 West Market Street, Suitee 800 Indianapolis, IN 46204.

Defendant, **MUTUAL OF OMAHA INSURANCE CO.** is a a Nebraska corporation which may be served through its registered agent for service, **MUTUAL OF OMAHA INSURANCE COMPANY C/O GENERAL COUNSEL, MUTUAL OF OMAHA PLAZA, OMAHA NE 68175.**

III.

## FACTS

On or about January 18, 2014, Plaintiff Bailey Buettner was a competitor in a Texas Prime gymnastics event at the Irving Convention Center, an event run by Defendant USA Gymnastics, an event which she qualified as an insured through Defendant Mutual Omaha Insurance Company insurance policy no. T5MP-P-051257, which was administered by American Specialty Insurance and Risk Services, Inc. As Plaintiff Bailey Buettner attempted to dismount from the uneven parallel bars during the event, she landed wrong and heard a loud pop in her right knee, causing her to tear her ACL.

At all times relevant hereto, Plaintiffs believed they were covered under the above referenced insurance policy, relied on the representations made to them regarding coverage, and incurred substantial medical bills which were ultimately and baselessly denied coverage by Defendants.

Plaintiff will show that Defendants were significantly involved and aware of Bailey's claim. On January 27, 2014, only 9 days after this incident, Defendant American Specialty sent a letter to Mr. and Ms. Buettner indicating that the claim was being investigated. Consequently, Plaintiffs were well aware of the insurance coverage which applied to cover Bailey's injury and were in continual communication regarding her injuries.

Plaintiffs, without the benefit of health insurance and knowing full well that the cost of such a procedure would be astronomical, confirmed with Defendants that the procedure requested would be covered under their insurance policy. At no time prior to Bailey's ACL reconstruction surgery were they told that surgery would not be covered, and relied on the representations of Defendants that coverage was not an issue in setting up the surgery. At all times prior to Bailey's surgery, Defendants had been authorized to obtain Bailey's medical records and conduct any investigation of this claim they felt necessary. Instead, Defendants chose to represent to the Buettners that the surgery would be covered, only to baselessly deny the claim after the surgery was done.

IV.

**CAUSE OF ACTION AGAINST DEFENDANTS:
BREACH OF CONTRACT**

Plaintiff, **MARK BUETTNER, INDIVIDUALLY AND AS NEXT FRIEND OF BAILEY BUETTNER** would show that prior to the 18th day of January 2014, the Defendants, issued an event accident insurance policy to which covered athletes such as Plaintiff Bailey Buettner, policy number T5MP-P-051257, which provided coverage in the event that Plaintiff became injured at a USA Gymnastics event, that Plaintiff would be

covered per the terms of the policy. Said policy was in full force and effect and all premiums paid at all times relevant hereto. Plaintiffs request recovery at common law and VATS Ins. Code §542. Plaintiffs have not been paid under the terms of the policy.

Defendants are hereby given notice to produce such policy of insurance on the trial of this case. If necessary, secondary evidence will be introduced by the Plaintiffs to prove the existence and terms of the policies.

### CAUSE OF ACTION AGAINST DEFENDANTS: BAD FAITH

a. **Ch. 541 Texas Insurance Code Violations**

Sec. 541.060. UNFAIR SETTLEMENT PRACTICES. (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

(1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
    (A) a claim with respect to which the insurer's liability has become reasonably clear;

(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to:
    (A) affirm or deny coverage of a claim to a policyholder; or

(7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

(9) requiring a claimant as a condition of settling a claim to produce the claimant's federal income tax returns for examination or investigation by the person unless:
    (A) a court orders the claimant to produce those tax returns;
    (B) the claim involves a fire loss; or

  (C) the claim involves lost profits or income.

    Sec. 541.061. MISREPRESENTATION OF INSURANCE POLICY. It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by:
(1) making an untrue statement of material fact;
(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;
(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;
(4) making a material misstatement of law; or

  **b. Texas Deceptive Trade Practices Act Violations**

Sec. 17.50. RELIEF FOR CONSUMERS. (a) A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

(4) the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code

VI.

<u>**DAMAGES**</u>

  As a proximate result of the conduct as above described, Plaintiffs **MARK BUETTNER, INDIVIDUALLY AND ON BEHALF OF BAILEY BUETTNER**, sustained damages, all of which have caused them in the past, and will cause them in the future, physical pain, mental anguish, lost wages and loss of earning capacity, physical impairment, disfigurement, and medical and hospital expenses, for which she should be compensated in accordance with the laws of the State of Texas. Specifically, because these actions were committed knowingly and intentionally, Plaintiff is entitled to three times the economic damages, mental anguish damages, and necessary court cost's and attorney's fees under 17.50(b) of the Texas Business and Commerce Code. Plaintiff will

further show that she is entitled to Attorney's Fees Pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 2008).

Due to this egregious conduct, the Buettners have incurred approximately $135,000 in economic damages due to a failure to pay the insurance benefits, $50,000 in mental anguish damages, and $20,000 in court costs and attorney's fees. Because these actions were committed knowingly and intentionally, the Buettners are entitled to three times the economic damages, mental anguish damages, and necessary court costs and attorney's fees under 17.50(b) of the Texas Business and Commerce Code.

VII.

### DISCOVERY PROPOUNDED TO DEFENDANT

Plaintiff requests the following discovery from Defendants as follows

1) Pursuant to Rule 194, you are requested to disclose, within 30 days of service of this request, the information or material described in TRCP Rule 194.2

2) Plaintiff's First Set of Interrogatories to Defendant American Specialty;

3) Plaintiff's First Request for Production to Defendant American Specialty

4) Plaintiff's Request for Admissions to Defendant American Specialty

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiffs have judgment against Defendants for all damages to which they are entitled under the laws of the State of Texas, which amount exceeds the minimum jurisdictional limit of this Court; for pre-judgment interest in accordance with the law; for interest on the judgment; cost of suit; and for such other and further relief, either at law or in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

**THE DENT LAW FIRM**
jacksonbdavis@gmail.com
1120 Penn Street
Fort Worth, Texas 76102
817) 332-2889
(817) 332-5809 FAX

_____
**JACKSON DAVIS**
State Bar No. 24068540

ATTORNEY FOR PLAINTIFF

CAUSE NO. 153-283206-16 _____

| | |
|---|---|
| MARK BUETTNER, INDIVIDUALLLY, § <br> AND AS NEXT FRIEND OF § <br> BAILEY BUETTNER § <br> *Plaintiffs* § <br> § <br> VS. § <br> § <br> USA GYMNASTICS, § <br> AMERICAN SPECIALTY INSURANCE § <br> & RISK SERVICES, INC., § <br> MUTUAL OF OMAHA INSURANCE CO.§ <br> *Defendants* § | IN THE DISTRICT COURT <br><br><br><br> _____ DISTRICT <br><br><br><br><br><br><br> TARRANT COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.

TO:   Defendant **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.**

In accordance with and pursuant to Rule 168 of the Texas Rules of Civil Procedure, Plaintiff has furnished the following Interrogatories to Defendant noted above, which Interrogatories, in compliance with such Rule, shall be answered separately and fully, in writing and under oath. The Defendant shall sign the Answers and shall serve a copy of the Answers upon the Plaintiff's attorney fifty (50) days from the date of service, unless the Court, on Motion and Notice for good cause shown enlarges or shortens the time.

INTERROGATORY NO. 1: Please identify by name, address, and telephone number the persons answering or assisting in providing information to these Interrogatories. Next to each person's name, please indicate which Interrogatories they assisted.

ANSWER:

INTERROGATORY NO. 2: Identify by name, address, and telephone number each person who has knowledge of relevant facts regarding this lawsuit.

ANSWER:

INTERROGATORY NO. 3: Please state all facts that support your contention that all conditions precedent have not been met for the policy sued upon to be in full force and effect at the time of the accident.

ANSWER:

INTERROGATORY NO. 4: Please state the basis for your denial of Bailey Buettner's claim?

ANSWER:

INTERROGATORY NO. 5: If you contend that Bailey Buettner did not tear her right ACL at a USA Gymnastics event on January 18, 2014, please briefly explain how you came to this conclusion and which evidence you relied on in coming to said conclusion?

ANSWER:

INTERROGATORY NO. 6: Assuming you admit that Bailey Buettner had a torn ACL and that her surgery was reasonable and necessary, do you contend that the Plaintiff is being dishonest with respect to the factual circumstances surrounding her injury? If so, please set forth each fact, which supports your contention.

ANSWER:

INTERROGATORY NO. 7: Please identify by name, address, and telephone number your corporate representative. Please include his/her job duties for your corporation, and the time he/she began working for the company.

ANSWER:

INTERROGATORY NO. 8: If you contend, or will contend, that you have not been named or sued in the proper legal capacity herein, state the proper name and capacity in which you contend you should have been named and sued herein.

ANSWER:

INTERROGATORY NO. 9: Set forth all facts that support your contention that the Plaintiff failed to comply with your policy provisions in force at the time of the incident.

ANSWER:

INTERROGATORY NO. 10: Do you agree that Plaintiff is an insured with respect to the policy made the issue of this lawsuit? If not, please state forth each fact which supports your conclusion that she is not an insured.

ANSWER:

INTERROGATORY NO. 11: Identify by name, address, and telephone number of each expert who may be called as an expert witness, the subject matter on which the witness is expected to testify, the mental impressions and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert. The disclosure of the same information concerning an expert used for consultation and who is not expected to be called as an expert witness at trial is requested if the consulting expert's opinion or impressions have been reviewed by a testifying expert.

ANSWER:

INTERROGATORY NO. 12: Please identify each and every person who participated in the claim denial of Ms. Buettner, their job title, job duties, and contact information.

ANSWER:

<u>INTERROGATORY NO. 13:</u> If you will contend that Ms. Buettner tore her right ACL in some other incident other than the gymnastics event on January 18, 2014, please describe when you believe her ACL was torn and identify each piece of evidence which supports your contention.

<u>ANSWER:</u>

                        Respectfully submitted,

                        **THE DENT LAW FIRM**
                        1120 Penn Street
                        Fort Worth, Texas 76102
                        (817) 332-2889
                        (817) 332-5809 FAX

                        */s/ Jackson Davis*
                        **JACKSON DAVIS**
                        State Bar No. 24068540

CAUSE NO. 153-283206-16 _____

| | |
|---|---|
| MARK BUETTNER, INDIVIDUALLLY, § <br> AND AS NEXT FRIEND OF § <br> BAILEY BUETTNER § <br> *Plaintiffs* § <br> § <br> VS. § <br> § <br> USA GYMNASTICS, § <br> AMERICAN SPECIALTY INSURANCE § <br> & RISK SERVICES, INC., § <br> MUTUAL OF OMAHA INSURANCE CO.§ <br> *Defendants* § | IN THE DISTRICT COURT <br><br> _____ DISTRICT <br><br><br><br><br> TARRANT COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT AMERICAN SPECIALTY INSURANCE & RISK SERVICES, INC.

TO:   Defendant, **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.**

In accordance with and pursuant to Rule 196 of the Texas Rules of Civil Procedure, the Plaintiff has furnished the following Request for Production of Documents to the Defendant noted above, which request, in compliance with such Rule, shall require the Defendant to produce the following information and/or documents and serve them upon the Plaintiff's attorney fifty (50) days from the date of service, unless the Court, on Motion and Notice for good cause shown, enlarges or shortens the time.

1. Written, taped, or mechanically reproduced statements heretofore made by the Plaintiff or Plaintiff's agent, representative or employee concerning facts which are relevant to this lawsuit.

2. Each photograph and videotape recordings in your possession, or which are subject to your right of control, that are relevant and material to the accident made the basis of this lawsuit and Plaintiff.

3. Documents concerning any prior criminal convictions of Plaintiff pursuant to rule 609(f) of the Texas Rules of Civil Evidence.

4. Medical records or reports that relate in any manner to Plaintiff's physical and/or mental condition, to which the Plaintiff is entitled under the Texas Rules of Civil Procedure.

5. Documents or memoranda pertaining to investigations, undertaken by you or anyone under your direction or control, of the occurrence prior to suit being filed or before the date you had "good cause" (as defined by Texas courts) to believe that a lawsuit would be filed. This request includes investigations by Defendant's agents, representatives, or employees; or insurance company's agents, representatives, or employees. If you rely upon "good cause," please provide all documents until that date and indicate in your response to this request the date you contend that you had "good cause."

6. Documents or memoranda reflecting an agreement between Defendant and any other person or legal entity regarding this lawsuit and/or facts alleged in Plaintiff's Original Petition. The request includes but is not limited to, any "Mary Carter," third party contracts and/or settlement agreements.

7. A copy of all documents which support Defendant's contentions set forth in any pleading on file or which may be filed.

8. A copy of each document which supports Defendant's contentions of how Plaintiff sustained her injuries.

9. A copy of each document which supports Defendant's contentions regarding acts or omissions of any other person or entity which Defendant contends caused or contributed to Plaintiff's injuries.

10. A copy of accident reports, including the insurance company's initial accident report of the accident in question that would have been created as a result of this accident.

11. A copy of each medical bill that you will contend was not reasonable, necessary, or related.

12. A copy of all correspondence passing between this defendant and the Plaintiff, or her agents, servants or representatives.

13. A copy of each document used as a basis for denying Bailey Buettner's claim.

Respectfully submitted,

**THE DENT LAW FIRM**
1120 Penn Street
Fort Worth, Texas 76102
(817) 332-2889
(817) 332-5809 FAX

_____
**JACKSON DAVIS**
State Bar No. 24068540

CAUSE NO. 153-283206-16 _____

| | | |
|---|---|---|
| MARK BUETTNER, INDIVIDUALLLY, § <br> AND AS NEXT FRIEND OF § <br> BAILEY BUETTNER § <br> *Plaintiffs* § <br> § <br> VS. § <br> § <br> USA GYMNASTICS, § <br> AMERICAN SPECIALTY INSURANCE § <br> & RISK SERVICES, INC., § <br> MUTUAL OF OMAHA INSURANCE CO.§ <br> *Defendants* § | | IN THE DISTRICT COURT <br><br><br><br><br> \_\_\_\_\_ DISTRICT <br><br><br><br><br><br><br> TARRANT COUNTY, TEXAS |

**PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.**

TO:   **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.**, Defendant.

The Plaintiff, in order to simplify the issues for the consideration of the Court and jury, makes the following Request for Admissions of facts under the provisions of Rule 169 of the Texas Rules of Civil Procedure, and demands that within fifty (50) days after the service of this request on the Defendant **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.,** Defendant admit or deny under oath, the following facts, and demands that each fact set forth be specifically admitted or denied. The Defendant is herein advised that a failure to specifically answer any request will be taken as an admission of the truth of the request. A true copy of this is being timely delivered to the Clerk of the Court for filing in this cause.

1.   That prior to the denial of Ms. Buettner's claim, **MUTUAL OF OMAHA INSURANCE CO**, issued an event injury policy T5MP-P-051257 which **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.** administered, providing benefits to cover medical bills for an injury of any participant in a USA Gymnastics sanctioned event, including one such as Bailey Buettner.

**RESPONSE:**

2.  That said policy was in full force and effect and all premiums paid when Ms. Buettner was injured, and the claim denied.

**RESPONSE:**

4.  That Plaintiff made a claim to injury sometime in 2014.

**RESPONSE:**

5.  That **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.** ultimately denied the claim

**RESPONSE:**

6.  That Mr. Mark Buettner contacted **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.** to ensure that his daughter Bailey Buettner was covered under the policy

**RESPONSE:**

7.  That **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.** represented to the Buettners that Bailey was covered under the policy.

**RESPONSE:**

8.  That Mark Buettner informed **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.** that Bailey Buettner had suffered a torn ACL

**RESPONSE:**

9.  That Mark Buettner inquired whether or not **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.** would cover her for the surgery required to repair her ACL.

**RESPONSE:**

9.  That **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.** indicated that the surgery Bailey Buettner required would be covered under the insurance policy.

**RESPONSE:**

10. That at no time prior to Bailey Buettner's right knee surgery did **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.** ever inform the Buettner's that her impending surgery may not be covered.

**RESPONSE:**

11. That the Buettners did not have health insurance at the time of the incident.

**RESPONSE:**

12. That the cost of Bailey Buettners surgery was reasonable and necessary.

**RESPONSE:**

13. That Bailey Buettner injured her right knee on January 18, 2014 at a Texas Prime Gymnastics event.

**RESPONSE:**

14. That **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.** is and was responsible for the administration, investigation, and claims decision involved in Bailey Buettner's claim.

**RESPONSE:**

15. That a letter was provided to **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.** which was written by orthopedic surgeon Dr. Jeffrey Lue which confirmed that the Bailey Buettner had torn her ACL on or about January 18, 2014 and would need surgery.

**RESPONSE:**

16. That **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC.** has no medical evidence and has consulted no medical professionals which contradicts Dr. Lue's opinion that Bailey Buettner's ACL tear was caused on or about January 18, 2014.

**RESPONSE:**

17. That if it is proven that Bailey Buettner's ACL tear was caused on or about January 18, 2014, then she would qualify as an insured under the above referenced policy and her medical bills and expenses would be covered under that policy, provided she does not have health insurance.

**RESPONSE:**

Respectfully submitted,

**THE DENT LAW FIRM**
1120 Penn Street
Fort Worth, Texas 76102
(817) 332-2889
(817) 332-5809 FAX

_/s/ Jackson Davis_
**JACKSON DAVIS**
State Bar No. 24068540