IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARK BUETTNER, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-157-A |
| | § | |
| USA GYMNASTICS, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff[1], Mark Buettner, individually, and as next friend of Bailey Buettner ("Bailey"), to remand. The court, having considered the motion, the response of defendants, USA Gymnastics ("Gymnastics"), American Specialty Insurance & Risk Services, Inc. ("Specialty"), and Mutual of Omaha Insurance Co. ("Mutual"), the record, and applicable authorities, finds that the motion should be denied and that the claims against Gymnastics should be dismissed.

I.

Background

Bailey was a competitor at an event run by Gymnastics when she landed wrong upon a dismount from uneven parallel bars and suffered a torn ACL, which required surgical repair. Bailey was insured under a policy of insurance issued by Mutual to Gymnastics as policyholder. Specialty administered claims made

---

[1] The court notes that the caption erroneously reflects that there is more than one plaintiff.

under the policy and corresponded with plaintiff regarding Bailey's injury and his claim for payment under the policy.

On January 12, 2016, plaintiff filed his original petition against defendants in the 153rd Judicial District Court of Tarrant County, Texas. Doc.[2] 1 at 15 of 54. He alleged causes of action against "defendants" generally for breach of contract and bad faith under Chapter 541 of the Texas Insurance Code ("Insurance Code") and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). On February 29, 2016, defendants timely filed their notice of removal on the basis of diversity jurisdiction, alleging that defendant Gymnastics had been improperly joined.

II.

Ground of the Motion

Plaintiff maintains that defendants cannot establish improper joinder. He takes that position that because of his failure to plead specifically-making allegations against defendants generally-defendants cannot show that he has no possibility of recovering against Gymnastics under Texas law.

---

[2] The "Doc." reference is to the number of the item on the court's docket in this action.

2

III.

## Applicable Legal Principles

A. <u>Removal</u>

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.[3] "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute." <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

B. <u>Fraudulent or Improper Joinder</u>

To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1)

---

[3] The removal statute provides, in pertinent part, that: [A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). Because defendants have not alleged actual fraud in the pleadings, the applicable test for improper joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74. A Rule 12(b)(6)-type analysis of plaintiff's claims appears to be the proper method here to determine whether there exists a reasonable basis for a conclusion that plaintiff might be able to recover against Gymnastics.

C.  The Pleading Standard to be Used in the Rule 12(b)(6)-Type Analysis

Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., ___ F.3d ___, 2016 WL 1274030, at * 8 (5th Cir. Mar. 31, 2016).[4]

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than

---

[4] The court notes that Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule and that Texas courts have interpreted their Rule 91a as requiring a federal Rule 12(b)(6)-type analysis and have relied on federal case law in applying Rule 91a. See, e.g., Wooley v. Schaffer, 447 S.W.3d 71, 76 (Tex. App.–Houston [14th Dist.] 2014, pet. denied); GoDaddy.com, LLC v. Toups, 429 S.W.3d 752, 754-55 (Tex. App.–Beaumont 2014, pet. denied). Thus, the outcome would be the same if the court were to apply the Texas pleading standard.

5

simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion under Rule 12(b)(6), the court may consider documents attached to the motion if they are referred to

6

in the plaintiff's complaint and are central to the plaintiff's claims. <u>Scanlan v. Tex. A&M Univ.</u>, 343 F.3d 533, 536 (5th Cir. 2003).

IV.

<u>Analysis</u>

As stated, plaintiff has pleaded that his daughter, Bailey, was a competitor at a Gymnastics' event when she was injured. Bailey was a beneficiary under an insurance policy issued by Mutual and administered by Specialty. Although plaintiff asserts a claim for breach of contract, he does not allege any facts to establish a contract with Gymnastics. He also asserts claims for bad faith under the Texas Insurance Code and DTPA[5], but again alleges no facts that would subject Gymnastics to liability under those provisions. Rather, the insurance policy upon which plaintiff bases his claims, specifically referenced in his petition and a copy of which is attached to the motion to remand, reflects that the contractual obligation to pay lies with Mutual, the insurer. Doc. 6 at 18 of 30. And, clearly, all of plaintiff's contacts were with Specialty, which administered the claim. (The court notes that all of the discovery served with the original petition is addressed to Specialty. Doc. 1 at 22-32 of 54.) There

---

[5] The DTPA claim is based solely on the alleged violation of the Texas Insurance Code. Doc. 1 at 19 of 54.

7

is no allegation that Gymnastics is an insurance company or is otherwise in the business of insurance so as to be subject to liability under the Insurance Code.

Plaintiff argues that because Texas is not a direct action state, he was required to file suit against Gymnastics to pursue his claims under the policy at issue. However, as defendants note, the direct action doctrine is inapplicable here. Plaintiff is not making a tort claim against Gymnastics. Gymnastics is not the tortfeasor insured. Rather, Gymnastics is only the policyholder; Bailey is the insured.

The court has concluded that none of the claims asserted against Gymnastics would survive a motion to dismiss for failure to state a claim upon which relief may be granted, with the consequence that its citizenship should be disregarded in determining whether diversity jurisdiction exists. And, the court has concluded, for the same reason, that the claims against Gymnastics should be dismissed.

IV.

Order

Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

The court further ORDERS that all claims and causes of action asserted by plaintiff against Gymnastics be, and are hereby, dismissed without prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

The court further ORDERS that from this point forward Specialty and Mutual are the only defendants in this action and that the style of this action shall be "Mark Buettner, individually, and as next friend of Bailey Buettner, plaintiff, v. American Specialty Insurance & Risk Services, Inc., and Mutual of Omaha Insurance Co., defendants."

SIGNED May 18, 2016.

_____
JOHN McBRYDE
United States District Judge