ORIGINAL

2016 MAY 23  PM 2: 27

CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| MARK BUETTNER, INDIVIDUALLLY, AND AS NEXT FRIEND OF BAILEY BUETTNER *Plaintiffs* | § § § § § | |
| VS. | § § § | NO. 4:16-CV-157-A |
| AMERICAN SPECIALTY INSURANCE & RISK SERVICES, INC., AND MUTUAL OF OMAHA INSURANCE CO. *Defendants* | § § § § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **MARK BUETTNER, INDIVUDALLY AND AS NEXT FRIEND OF BAILEY BUETTNER,** hereinafter referred to as Plaintiffs, complaining of **AMERICAN SPECIALTY INSURANCE AND RISK SERVICES, INC., AND MUTUAL OF OMAHA INSURANCE CO.** , hereinafter referred to as Defendants, and for cause of action, Plaintiff would respectfully show the Court and Jury as follows:

Plaintiff intends for discovery to be conducted pursuant to the FRCP.

I.

## PROCEDURE AND JURISDICTION

Plaintiff is amending his complaint in compliance with the Court's Order signed on May 18th, 2016. This case was originally filed in Tarrant County, Texas in the 153rd District Court, and is before this Court by notice of removal filed by defendants

1

American Specialty Insurance and Risk Services, Inc. and Mutual of Omaha Insurance Company.

## II.

## FACTS

On or about January 18, 2014, Plaintiff Bailey Buettner was a competitor in a Texas Prime gymnastics event at the Irving Convention Center, an event run by USA Gymnastics, an event which she qualified as an insured through a Defendant Mutual of Omaha Insurance Company insurance policy no. T5MP-P-051257, which was administered by American Specialty Insurance and Risk Services, Inc. As Plaintiff Bailey Buettner attempted to dismount from the uneven parallel bars during the event, she landed wrong and heard a loud pop in her right knee, causing her to tear her ACL.

At all times relevant hereto, Plaintiffs believed they were covered under the above referenced insurance policy, relied on the representations made to them regarding coverage, and incurred substantial medical bills which were ultimately and baselessly denied coverage by Defendant American Specialty Insurance and Risk Services, Inc. when administering the policy provided by Defendant Mutual of Omaha Insurance Company.

Plaintiff will show that Defendants were significantly involved and aware of Bailey's claim. On January 27, 2014, only 9 days after this incident, Defendant American Specialty sent a letter to Mr. and Ms. Buettner indicating that the claim was being investigated. Consequently, Plaintiffs were well aware of the insurance coverage which applied to cover Bailey's injury and were in continual communication regarding her injuries.

Plaintiffs, without the benefit of health insurance and knowing full well that the cost of such a procedure would be astronomical, confirmed with Defendants that the procedure requested would be covered under their insurance policy. At no time prior to Bailey's ACL reconstruction surgery were they told that surgery would not be covered, and relied on the representations of Defendants that coverage was not an issue in setting up the surgery. At all times prior to Bailey's surgery, Defendant American Specialty had been authorized to obtain Bailey's medical records and conduct any investigation of this claim they felt necessary. Instead, Defendants chose to represent to the Buettners that the surgery would be covered, only to baselessly deny the claim after the surgery was done.

IV.

## CAUSE OF ACTION AGAINST DEFENDANTS: BREACH OF CONTRACT

Plaintiff, **MARK BUETTNER, INDIVIDUALLY AND AS NEXT FRIEND OF BAILEY BUETTNER** would show that prior to the 18th day of January 2014, the Defendants, issued an event accident insurance policy to which covered athletes such as Plaintiff Bailey Buettner, policy number T5MP-P-051257, which provided coverage in the event that Plaintiff became injured at a USA Gymnastics event, that Plaintiff would be covered per the terms of the policy. Said policy was in full force and effect and all premiums paid at all times relevant hereto. Plaintiffs request recovery at common law and VATS Ins. Code §542. Plaintiffs have not been paid under the terms of the policy.

Defendants are hereby given notice to produce such policy of insurance on the trial of this case. If necessary, secondary evidence will be introduced by the Plaintiffs to prove the existence and terms of the policies.

3

## CAUSE OF ACTION AGAINST DEFENDANTS: BAD FAITH

### a. Ch. 541 Texas Insurance Code Violations

Sec. 541.060. UNFAIR SETTLEMENT PRACTICES. (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

(1)  misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

(2)  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

      (A)  a claim with respect to which the insurer's liability has become reasonably clear;

(3)  failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)  failing within a reasonable time to:

      (A)  affirm or deny coverage of a claim to a policyholder;  or

(7)  refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

(9)  requiring a claimant as a condition of settling a claim to produce the claimant's federal income tax returns for examination or investigation by the person unless:

      (A)  a court orders the claimant to produce those tax returns;

      (B)  the claim involves a fire loss;  or

      (C)  the claim involves lost profits or income.

Sec. 541.061. MISREPRESENTATION OF INSURANCE POLICY. It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by:

(1)  making an untrue statement of material fact;

(2)  failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(3)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)  making a material misstatement of law;  or

4

### b.  Texas Deceptive Trade Practices Act Violations

Sec. 17.50.  RELIEF FOR CONSUMERS.  (a)  A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

(4)  the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code

VI.

## DAMAGES

As a proximate result of the conduct as above described, Plaintiffs **MARK BUETTNER, INDIVIDUALLY AND ON BEHALF OF BAILEY BUETTNER**, sustained damages, all of which have caused them in the past, and will cause them in the future, physical pain, mental anguish, lost wages and loss of earning capacity, physical impairment, disfigurement, and medical and hospital expenses, for which she should be compensated. Specifically, because these actions were committed knowingly and intentionally, Plaintiff is entitled to three times the economic damages, mental anguish damages, and necessary court cost's and attorney's fees under 17.50(b) of the Texas Business and Commerce Code. Plaintiff will further show that she is entitled to Attorney's Fees Pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 2008).

Due to this egregious conduct, the Buettners have incurred approximately $135,000 in economic damages due to a failure to pay the insurance benefits, $50,000 in mental anguish damages, and $20,000 in court costs and attorney's fees. Because these actions were committed knowingly and intentionally, the Buettners are entitled to three times the economic damages, mental anguish damages, and necessary court costs and

5

attorney's fees under 17.50(b) of the Texas Business and Commerce Code.

VII.

## DISCOVERY PROPOUNDED TO DEFENDANT

Plaintiff has already requested the following discovery from Defendants with its state law petition:

1) Pursuant to Rule 194, you are requested to disclose, within 30 days of service of this request, the information or material described in TRCP Rule 194.2

2) Plaintiff's First Set of Interrogatories to Defendant American Specialty;

3) Plaintiff's First Request for Production to Defendant American Specialty

4) Plaintiff's Request for Admissions to Defendant American Specialty

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiffs have judgment against Defendants for all damages to which they are entitled, which amount exceeds the minimum jurisdictional limit of this Court; for pre-judgment interest in accordance with the law; for interest on the judgment; cost of suit; and for such other and further relief, either at law or in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

**THE DENT LAW FIRM**
**jacksonbdavis@gmail.com**
1120 Penn Street
Fort Worth, Texas 76102
817) 332-2889
(817) 332-5809 FAX

**JACKSON DAVIS**
State Bar No. 24068540

ATTORNEY FOR PLAINTIFF

7